IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-03807-RBJ

EDMUNDO LEDESMA CAMARENA,

Petitioner,

v.

GEORGE VALDEZ, et al.,
in their official capacities,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Edmundo Ledesma Camarena's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1.

Petitioner is a 43-year old native and citizen of Mexico who is currently detained at Denver Contract Detention Facility in Aurora, Colorado. He entered the United States without inspection in approximately September 2002. He alleges that he owns a home in Colorado with his wife, has two U.S. citizen minor children, has a U.S. citizen sponsor, has a lengthy employment and tax history, and has a pending Form EOIR 42B Application for Cancellation of Removal. *Id.* at 2.

On July 20, 2026, the U.S. Department of Homeland Security issued Mr. Ledesma Camarena a Notice to Appeal, placing him in removal proceedings under INA § 240 and charging him under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)96)(A)(i) as a person present in the United States without having been admitted or paroled. *Id.* at 8. He was arrested on the same day and has been detained since that time. *Id.* He requested a bond hearing and submitted a lengthy written "brief" including proof of his fixed residence, the birth certificates of his children, proof of employment, proof of taxes, his Application for Cancellation of Removal, and his criminal history. The latter consists of minor traffic offenses and a public urination charge. He also submitted letters of support from family and community members. *Id.* at 9. The entire 377-page brief is attached to the Petition. ECF No. 1-3.

A bond hearing was held on August 4, 2026 before Immigration Judge Robyn Ross. Mr. Ledesma Camarena was not represented by counsel. The hearing lasted approximately 5 minutes. A recording of the hearing has been submitted to the Clerk of this Court. *See* ECF No. 1-5. The Court has not yet listened to the recording. According to Mr. Ledesma Camarena, IJ Ross asked him whether he used a false Social Security number to work at his place of employment (McDonalds), and when he admitted that he did, she denied release without any meaningful consideration of his evidence. Her written order confirms that the denial was based on his use of a

false Social Security number. ECF No. 1-4. The hearing ended before DHS made an argument or presented any evidence. ECF No. 1 at 10.

Mr. Ledesma Camarena claims that his detention violates both substantive and procedural due process. He asks the Court to order his immediate release from custody and to enjoin respondents from re-arresting or re-detaining him absent a pre-deprivation hearing before a neutral decisionmaker at which respondents prove by clear and convincing evidence that physical custody is presently justified by danger or flight risk. Alternatively, he requests a new bond hearing before a different immigration judge at which the DHS bears the burden of proving danger or flight risk by clear and convincing evidence, the immigration judge meaningfully considers the entire record and makes specific findings regarding danger and flight risk. *See id.* at 22.

To protect the status quo and preserve this Court's jurisdiction, the Court hereby enjoins respondents from removing petitioner from the United States or transferring him out of Colorado unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this order or the case is terminated.

At this time, the Court takes no action with respect to the remainder of the relief sought in the Petition. The Court respects the urgency of a petitioner's allegations, as well as the expedited nature of habeas proceedings. Nevertheless,

these considerations must be balanced with affording respondents a reasonable time to assess the facts and legal issues from their perspective and respond appropriately.

To the extent not already done, counsel for petitioner is directed by Tuesday, August 25, 2026 to: (1) serve respondents with a copy of the Petition along with a copy of this Order, by email and overnight mail; and (2) promptly file proof of such service on the docket. Counsel for respondents shall promptly enter notices of appearance, and, within 14 days of service, respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted by releasing petitioner. *See Yassine v. Collins*, 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. Jul. 7, 2025) (while 28 U.S.C. § 2243 refers to a three-day deadline, this requirement is "subordinate to the district court's authority to set deadlines" and granting respondents a 14-day deadline to respond) (omitting internal citations).

Dated: August 20, 2026. BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge