IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-03807-RBJ

EDMUNDO LEDESMA CAMARENA,

Petitioner,

v.

GEORGE VALDEZ, et al.,
in their official capacities,

Respondents.

---

**ORDER**

---

Before the Court is Edmundo Ledesma Camarena's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"). ECF No. 1.

Petitioner seeks an order declaring his current immigration detention unlawful under the Constitution and asks this Court to order his release, or, in the alternative, grant him a constitutionally adequate custody redetermination hearing. *Id.* at 5. Respondents have declined to file a responsive brief, and they recognize that the Court may grant the Petition and award appropriate relief. ECF No. 7 at 1-2. If so, Respondents state that the appropriate relief would be to order a bond hearing for Petitioner or to release him. *Id.*

For the reasons set forth below, the Court agrees that Petitioner's current detention is unlawful and orders Respondents to release him.

## I. Background

Petitioner is a 44-year-old citizen of Mexico currently detained at the Denver Contract Detention Facility in Aurora, Colorado. ECF No. 1 at 2, 8. He entered the United States without inspection on or about September 2002. *Id.* The Petition alleges that Petitioner owns a home in Colorado with his wife, has two minor children who are United States citizens, and has a lengthy employment and tax history. *Id.* The Petition also states that Petitioner has a United States citizen immigration sponsor and has a pending Form EOIR 42B Application for Cancellation of Removal. *Id.*; ECF No. 1-3 at 11-21.

On July 20, 2026, the Department of Homeland Security arrested Petitioner and placed him in removal proceedings under 8 U.S.C. § 1229a, charging him as a person present in the United States without having been admitted or paroled per 8 U.S.C. § 1182(a)(6)(A)(i). ECF No. 1 at 2, 8; ECF No. 1-2 at 1.

Petitioner requested and received a custody redetermination hearing on August 4, 2026, and filed a detailed brief and supporting evidence arguing for his release. ECF No. 1 at 3, ECF No. 1-3. The Immigration Judge denied Petitioner's requested bond without hearing any evidence or argument from DHS, citing to the

fact that Petitioner admitted to using a fake Social Security number for employment. ECF No. 1 at 10; ECF No. 1-4 at 1.

On August 19, 2026, Petitioner filed this Petition pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner argues that his detention violates his rights because his custody redetermination was constitutionally deficient. *Id.* at 2. Specifically, Petitioner asserts that the redetermination did not meaningfully adjudicate the record or provide an individualized determination, lacked a rational nexus to flight risk, failed to require the government to justify his continued detention, and neglected to create an adequate record for review. *Id.* at 12-21.

## II. Discussion

A district court may grant a writ of habeas corpus to any person who demonstrates that he is "in custody in violation of the Constitution or laws of the United States." § 2241. The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). Section 2241 habeas proceedings are available as a forum for statutory and constitutional challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Where the dispute is fundamentally legal in nature, the court may decline to hold a hearing. 28 U.S.C. § 2243; *see, e.g.*, *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025). Here, neither party has requested a hearing, and the Court finds that no hearing is necessary.

During a § 1226 custody redetermination hearing, the burden is on the government to prove that continued detention is necessary to fulfill the statutory goals of "ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." *Guerrero Sanchez v. Sabol*, No. 1:15-CV-2423, 2016 WL 7426129, at *4 (M.D. Pa. Dec. 23, 2016) (citation omitted). The bond hearing must be individualized, and submissions by the detainee "showing reform, rehabilitation, good character, education, employment history and prospects, familial ties to United States citizens, potential for relief from removal, and any other evidence that contravenes danger to the community or risk of flight *must be considered*." *Id.* (emphasis added). A bond determination must also be based on a record created by the decisionmaker and disclosed to the detainee. *Perez Serrano v. Hagan*, No. 1:26-CV-01641-CNS, 2026 WL 1396534, at *3 (D. Colo. May 19, 2026).

Here, the record demonstrates that the Immigration Judge focused solely on Petitioner's use of a fake Social Security number, failing to consider the rest of the substantial evidence he submitted, including his significant ties to the community and good character. ECF No. 1-4 at 1. In fact, the Immigration Judge's written decision does not rationally relate the use of a fake Social Security number to any of the statutory factors or provide any further explanation for its decision. Additionally, given that the ruling was made before the government presented any evidence or

argument, it is difficult to see how the proper burden was applied. Finally, Respondents have offered no evidence to undermine Petitioner's allegations that his continued detention is unlawful, and their response brief effectively concedes as much. The Court therefore concludes that Petitioner's continued detention is unconstitutional.

The Court further finds that release is the appropriate remedy. *See* 28 U.S.C. § 2243 (granting courts the power to "dispose of [habeas corpus matters] as law and justice require"); *Quiroz Zacarias v. Mullin*, No. 26-cv-0574-WJM, 2026 WL 1092162, at *5 (D. Colo. Apr. 22, 2026) (ordering petitioner's immediate release and recognizing that another bond hearing "would only add further insult to the constitutional injury to which [p]etitioner has already been subjected"). Indeed, "the mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore." *Pal v. Lyons*, No. 26-CV-1102-WJM, 2026 WL 937962, at *4 (D. Colo. Apr. 7, 2026). Furthermore, as noted, Respondents have also acknowledged that release is an appropriate remedy in this case if the Court grants the writ. ECF No. 7 at 1-2.

It is hereby ORDERED that:

1. The Petition, ECF No. 1, is GRANTED. Respondents SHALL release petitioner on his own recognizance within 48 hours of this Order.

2. Respondents MAY NOT impose additional release conditions other than those that Petitioner was subject to prior to his current detention.
3. The parties WILL, within five (5) days of this Order, file a joint status report informing the Court of the status of Petitioner's release.

It is SO ORDERED.[1]

Dated: September 17, 2026 BY THE COURT:



R. Brooke Jackson
Senior United States District Court Judge

[1] To the extent Petitioner seeks attorney fees, he is directed to file a separate motion complying with the Federal Rules of Civil Procedure and the Local Rules.